# United States Court of Appeals for the Fifth Circuit

No. 22-50168
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pascual Agustin-Basilio,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-882-1

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Pascual Agustin-Basilio appeals his conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(1). He contends that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maxi-

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

mum in § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Agustin-Basilio acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review. Accordingly, he has filed an unopposed motion for summary disposition.

Subsequent decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). Agustin-Basilio therefore is correct that his theory is foreclosed. Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary disposition is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary disposition is GRANTED, and the judgment is AFFIRMED.